**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Robert Lee Foster, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 7:21-cv-2910-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Henry McMaster, *Governor of South* | ) | |
| *Carolina*; Alan Wilson, *Attorney General* | ) | |
| *of South Carolina*; Bryan Stirling, *Director* | ) | |
| *of SCDC*; Larry W. Powell; Chuck Wright; | ) | |
| Tony Fisher; Spartanburg Harold Journey | ) | |
| Newspaper, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Robert Lee Foster, a state prisoner proceeding *pro se*, filed this action pursuant to

42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule

73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

On September 10, 2021, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (ECF No.

2). Now before the court is the magistrate judge's Report and Recommendation ("Report"),

recommending that the court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss the

case if Plaintiff fails to pay the filing fee. (ECF No. 9 at 8–9). Plaintiff filed objections to the

Report. (ECF Nos. 13; 14). This matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility

for making a final determination remains with the United States District Court. *Wimmer v. Cook*,

774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The

court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge

or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Nevertheless, "[t]he district court

1

is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla*., 73 F.3d 1057, 1059 (10th Cir. 1996)).  Objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'").  In the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp*., 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

The magistrate judge found that in at least three of Plaintiff's prior fourteen non-habeas cases filed in this district since 1995, a "strike" has been entered because the civil actions were finally dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  (ECF No. 9 at 4).  The magistrate judge concluded, therefore, that under the Prison Litigation Reform Act, Plaintiff cannot proceed *in forma pauperis* unless he satisfies the exception for "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  And, after conducting a through review of Plaintiff's allegations, the magistrate judge found no facts indicating imminent

danger of serious harm.  (ECF No. 9 at 6–8).  Finally, the magistrate judge noted that Plaintiff is seeking release from custody even though he had previously been informed more than once that "release from prison is not a remedy that is available in a § 1983 action." *Id*. at 6.  The magistrate judge further concluded that, "[e]ven if the current action is construed as a § 2254 petition, it would be successive and Plaintiff could not proceed without first obtaining pre-filing authorization from the Fourth Circuit Court of Appeals" pursuant to 28 U.S.C. § 2244(b)(3)(A).  *Id*. at 7 n.4.

Although Plaintiff filed objections to the Report, (ECF Nos. 13; 14), they are non-specific, completely unrelated to the dispositive portions of the Report, and merely restate Plaintiff's claims on the merits. *See id*.  Having closely reviewed the record, the Report, and Plaintiff's objections, the court finds no error, clear or otherwise, in the Report, and court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 9), which is incorporated herein by reference.

Thus, the motion to proceed in forma pauperis (ECF No. 2) is **DENIED**.  Plaintiff is **ORDERED** to pay the filing fee within twenty-one (21) days of the date of this Order. Furthermore, Plaintiff shall be on **NOTICE** that if he fails to pay the filing fee within the time granted, this case will be **DISMISSED** without prejudice pursuant to the Three-Strikes Rule of 28 U.S.C. § 1915(g).  Accordingly, the Clerk of Court is directed to enter the required final judgment at the close of the twenty-one-day period if the filing fee has not been paid.  If Plaintiff pays the required fee within the time allotted, this action shall be sent back to the magistrate judge for further review.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 16, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.